**JON M. SANDS**
Federal Public Defender
**CHRISTOPHER R. KILBURN**
Assistant Federal Public Defender
Arizona State Bar No. 016589
407 West Congress Street, Suite 501
Tucson, Arizona 85701
Telephone: (520) 879-7500
Facsimile: (520) 879-7601
chris_kilburn@fd.org
Attorney for Defendant

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| | ) | CR-10-863-TUC-RCC(CRP) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | *HENTHORN* REQUEST |
| | ) | |
| Maria Isabel Monge-Sierras, | ) | |
| | ) | |
| Defendant. | ) | |

It is expected that excludable delay under Title 18, United States Code, § 3161(h)(1)(F) will occur as a result of this motion or an order based thereon.

Defendant, Maria Isabel Monge-Sierras ("Monge"), through counsel, in addition to other discovery requests, moves for an order compelling the government to provide the following information:

(1) Bias of government witness. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant or has a motive to falsify or distort his/her testimony. *See Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988).

(2) Prior record/other acts of government witnesses. Defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. *See* Fed. R. Evid. 608(b) and *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

(3) Investigation of witnesses. Defendant requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal or official

misconduct. *United States v. Chitty*, 760 F.2d 425 (2d Cir.), *cert. denied* 474 U.S. 945 (1985).

(4) Evidence regarding ability to testify. The defense requests any evidence, including any medical or psychiatric reports or evaluations, tending to show that any prospective witnesses' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988); *United States v. Butler*, 567 F.2d 885 (9th Cir. 1978).

(5) Personnel files. It is requested that the government review each testifying agent's or law enforcement officer's personnel file for review for information requested in paragraphs (1) - (4) above and determine whether there is any impeaching material information contained in the files. *See United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). Monge requests disclosure of material information favorable to the defense, and "if the prosecution is uncertain about the materiality of the information within its possession, it may submit the information to the trial court for *in camera* inspection and evaluation." *United States v. Cadet*, 727 F.2d 1453, 1467-68 (9th Cir. 1984).

Further, Monge makes this request for **all** law enforcement involved in the investigation and prosecution of this case, including local, county, and state officials. "The prosecutor's oath of office, not the command of a federal court ... compel[s] the government to produce any favorable evidence in the personnel records" of law enforcement." *Id.* at 1467. This includes evidence from personnel files "material to preparing [a] defense" under Rule 16(a)(1)(E)(i) or discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 1468. Moreover, while *Brady* may only compel disclosure of material evidence, "the obligation to disclose evidence favorable to the defense may arise more broadly under a prosecutor's ethical or statutory obligations. ... As we have often observed, the prudent prosecutor will err on the side of transparency, resolving doubtful questions in favor of disclosure." *Cone v. Bell*, 129 S.Ct. 1769, 1783 n. 15 (2009) (including citation to ABA Model Rule 3.8(d)). *See also* Arizona Rules of Professional Conduct, Ethical Rule 3.8(d). "[T]he individual prosecutor has a duty to learn

2

of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). "Where the federal prosecutors have worked hand in glove with the police bringing and investigating a case, it seems clear that the reasoning of *Kyles* requires federal prosecutors 'to learn of any favorable evidence known to *others acting in the government's behalf*,' including any local police acting on its behalf in the investigation." *United States v. Diaz*, 2008 WL 360582 (N.D.Cal., 2008) (quoting *Kyles*, *supra*, at 437) (emphasis in original).

As if to emphasize the relevance and importance of the *Kyles* holding, according to Monge's own investigation, the Drug Enforcement Agency, U.S. Border Patrol, the Patagonia Police Department, and the Arizona Department of Public Safety have been involved in the decade long investigation and prosecution of this case. In October of 2010, Patagonia Police Chief Ed Dobbertin, in charge of the local investigation of this case and other matters associated with this case, was fired from his job after being held in contempt by Santa Cruz County Superior Court by Judge Ana Montoya-Paez. *See* Attachment 1. These recent events concerning Chief Dobbertin's improprieties and purported perjury provide a quintessential example of why the Court should order the thorough and complete review for impeachment material of the personnel files of *all* law enforcement officials – whether federal agents or not – involved in the investigation and prosecution of this case. *Henthorn*, *Brady*, *Giglio*, and the prosecution's ethical obligations require nothing less.

Monge is in compliance with L.R. Civ. P. 7.2(j) (formerly local rule 1.10(j)), as she has previously requested *Henthorn* materials from the government in her motions list. *See* Docket #130.

RESPECTFULLY SUBMITTED: March 22, 2011.

JON M. SANDS
Federal Public Defender

*s/Christopher R. Kilburn*
CHRISTOPHER R. KILBURN
Assistant Federal Public Defender

3

Copy delivered electronically this date to:

Liza Granoff
Assistant United States Attorney

Francisco Leon
Attorney for co-defendant Fabian Monge

Natalie Prince
Attorney for co-defendant Frances Monge

D Jesse Smith
Attorney for co-defendant Mary F. Monge

Bradley Roach
Attorney for co-defendant Frank S. Lopez

Walter Nash
Attorney for co-defendant Lorena M. Sylvester

Kathleen Williamson
Attorney for co-defendant Belen E. Romero

Elias Damianakos
Attorney for co-defendant Heather M. Martin